UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON T. REYNOLDS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATE[S] DEPT. OF JUSTICE,<br><br>Defendant. | Civil Action No. 16-1428 (JEB) |

## MEMORANDUM OPINION

Federal prisoner and *pro se* Plaintiff Jason T. Reynolds alleges that in 2015 he twice sent Freedom of Information Act requests to the Department of Justice concerning the search of his home and his arrest. Having received no response, he then initiated this suit. The problem, says DOJ, is that it never received either request. As a result, it now moves for summary judgment, which the Court will grant.

**I.   Background**

According to Reynolds, who is currently incarcerated in Buffalo Grove, Illinois, he mailed a FOIA request to the Executive Office for United States Attorneys at DOJ on March 31, 2015, seeking "copies of all documents relevant to the search of Mr. Reynolds['s] home prior to and during his arrest. . . . We [*sic*] are interested in all of the agents' reports and copies of all photographs taken of the premises, as well as an inventory of all items seized." ECF No. 12 (Opposition with exhibits) at 6 (March 31, 2015, Letter). Having heard nothing from DOJ, he followed up with a second epistle on June 15, 2015, mentioning the lack of response and asking for prompt compliance. Id. at 7 (June 15, 2015, Letter).

1

Neither piece of correspondence apparently reached the Department. According to David Luczynski, Attorney Advisor with EOUSA, FOIA requests are processed thus: "When a FOIA request is submitted to . . . [EOUSA], the agency opens a new file with the requester's name and assigns it a FOIA reference number. A letter acknowledging the FOIA request is sent to the requester providing him/her with the FOIA reference number[,] which helps the parties locate the appropriate request . . . ." ECF No. 10-1 (Declaration of David Luczynski), ¶ 4. As Plaintiff in this litigation did not submit a copy of EOUSA's acknowledgment letter or reference number, EOUSA performed a search to see if it could locate the request. Id., ¶¶ 5-6. A Legal Administrative Specialist searched the two computer-database systems that "track all FOIA files, litigation, and appeals, as well as any mail and/or correspondence related to these files." Id., ¶ 7. The Specialist also "inquired with staff in addition to a search under" the name of the institution where Plaintiff was incarcerated. Id., ¶ 8. Other inquiries also ensued. Id. At bottom, there was no record of Reynolds's having submitted any FOIA request. Id., ¶¶ 8-10.

He nonetheless filed this suit seeking the records and arguing that, given Defendant's delay, he should be deemed to have exhausted his administrative remedies. See Compl., ¶ 10. DOJ now moves to dismiss or, in the alternative, for summary judgment.

## II. Legal Standard

As the Court decides this Motion on summary judgment, that is the only standard it will articulate. Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is capable of affecting the substantive outcome of the litigation. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving

party.  See Scott v. Harris, 550 U.S. 372, 380 (2007); Liberty Lobby, 477 U.S. at 248.  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion" by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  The moving party bears the burden of demonstrating the absence of a genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In the event of conflicting evidence on a material issue, the Court is to construe the conflicting evidence in the light most favorable to the non-moving party.  See Sample v. Bureau of Prisons, 466 F.3d 1086, 1087 (D.C. Cir. 2006).

FOIA cases typically and appropriately are decided on motions for summary judgment.  See Brayton v. Office of U.S. Trade Rep., 641 F.3d 521, 527 (D.C. Cir. 2011).  In a FOIA case, a court may grant summary judgment based solely on information provided in an agency's affidavits or declarations when they "describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  Larson v. Dep't of State, 565 F.3d 857, 862 (D.C. Cir. 2009) (citation omitted).  "Unlike the review of other agency action that must be upheld if supported by substantial evidence and not arbitrary or capricious, the FOIA expressly places the burden 'on the agency to sustain its action' and directs the district courts to 'determine the matter de novo.'"  Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 755 (1989) (quoting 5 U.S.C. § 552(a)(4)(B)).

**III.    Analysis**

The FOIA statute provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . . shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). Consistent with this statutory mandate, federal courts have jurisdiction to order the production of records that an agency improperly withholds. Id. § 552(a)(4)(B); Reporters Comm., 489 U.S. at 754-55. "At all times courts must bear in mind that FOIA mandates a 'strong presumption in favor of disclosure.'" Nat'l Ass'n of Home Builders v. Norton, 309 F.3d 26, 32 (D.C. Cir. 2002) (quoting Dep't of State v. Ray, 502 U.S. 164, 173 (1991)).

In seeking summary judgment, Defendant makes two arguments: 1) Plaintiff has not exhausted his administrative remedies; and 2) EOUSA had no obligation to search for records where it never received a request. The former seems less convincing, particularly given that Reynolds could not appeal a denial that never happened, and any exhaustion requirement is waived if a response is not timely. The latter, however, carries the day.

DOJ has offered comprehensive sworn testimony that it never received Plaintiff's FOIA requests. Reynolds rejoins by attaching copies of his two letters and swearing he mailed them, but this evidence does not show that they were ever received by Justice. See ECF No. 12 at 5 (Sworn Statement of Jason T. Reynolds) (asserting that "he mailed or caused to be mailed on three [?] separate occasions a FOIA request to the address indicated on the Department of Justice website"). In other words, Plaintiff does not offer proof via, *e.g.*, a certified-mail receipt or any other form of mailing that his missives reached their intended target. This is thus insufficient to create a dispute of material fact that DOJ ever <u>received</u> his requests, particularly in a FOIA case, where courts typically grant summary judgment by relying on sworn agency affidavits that are

4

sufficiently convincing, as is Luczynski's here. See Brayton, 641 F.3d at 527 ("vast majority of FOIA cases can be resolved on summary judgment"); Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982) (to meet its burden, agency may submit affidavits or declarations that explain the scope and method of its search "in reasonable detail.").

As DOJ did not receive Reynolds's correspondence, it had no obligation to search for or produce records. See Carbe v. Bureau of Alcohol, Tobacco and Firearms, 2004 WL 2051359, at *8 (D.D.C. Aug. 12, 2004) (granting summary judgment to government defendant where no record of receipt of FOIA request: "If no FOIA request is received, an agency has no reason to search or produce records and similarly has no basis to respond."), quoted in Johnson v. United States, 2017 WL 883779, at *4 (D.D.C. March 6, 2017). Absent receipt of the request, the agency "has no obligation to respond to it." Freedom Watch v. Bureau of Land Management, 2016 WL 6304653, at *3 (D.D.C. Oct. 27, 2016) (citation omitted).

Finally, Plaintiff argues that DOJ should now look for his documents since it cannot dispute that it is currently aware of his request. Were the Court to acquiesce, such a procedure would unwisely bypass the administrative process. Reynolds does make a reasonable corollary point, however, in complaining that dismissal will mean he must again pay the filing fee. Given both that he is *in forma pauperis* and that he had to file the suit to learn DOJ had never received his request, the Court will order that any fees already paid in this case shall be offset against his filing fee should he decide to bring a new suit based on precisely the same request. This, of course, presupposes that he is dissatisfied with EOUSA's future response to his renewed request, which may well not be the case.

## IV. Conclusion

The Court, accordingly, will grant the Motion, and Plaintiff must submit a renewed request if he wishes to pursue the documents at issue. A contemporaneous Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: April 26, 2017